Nott, J.
delivered the opinion of the Court.
This sort of defence has long been allowed to be set up in our Courts of Law. In the ease of Grey v. Handkinson, 1 Bay, 278, which appears to be the first of the reported cases, the Court observe “ that this is a kind of equitable defence which formerly belonged to the jurisdiction of the Coart of Chancery, but that the Courts of Law had lately let the parties into it. in a Court of Common Law as well as in a Court of Equity, on the ground of fraud." So that fraud appears to have been the first pretence for invading this part of the equity jurisdiction. And it further appears from the reasoning in that case, that it is not material, whether the fraud arises from the actual deceit of the vendor, or from a defect in the thing itself. Since that time, a train of decisions have followed, involving the same principle, in which the only inquiry has been whether the title was defective, and the nature and extent of that defect, without stopping to *257 inquire, whether there was not still a class of cases of that description, in which adequate relief could be administered alone in the Court of Equity.
But it does by no means follow, that because such a de-fence may be sustained at law, there may not be circumstances attending it, into which a Court of Law cannot inquire, and to which, when ascertained, the jurisdiction of the Court does not extend. With regard to the case now before us, the evidence of consideration was very unsatisfactory. But as that was a question for the jury, the Court might not perhaps have interfered with the verdict, if it rested alone on that ground. The defence, however, has no such merits as can sustain it in a Court of Law. it does not appear that there was any warranty either express or implied on the part of the seller. There has been no failure of consideration, for the defendant has never been disturbed in his possession. On the contrary, he has been in the receipt of the rents and profits of the land for the last eight years. The elfect of this verdict, therefore, is to exempt the defendant from the payment of the purchase-money, to give him the rents and profits for the time he has had possession, and to leave him still in the possession and enjoyment of it. It is apparent, therefore, that the defence is in the nature of a bill quia timet, which cannot be heard in a Court of Law. if there is any apparent outstanding title which threatens to disturb his possession, the Court of Equity alone can grant relief.
Hitherto, the community has been alarmed at the stretch of power exercised by the Court of Equity; but an assumption of unauthorized power by a Court of Law, is not less dangerous. I am inclined to think, notwithstanding what has been said, that this kind of defence was first allowed from necessity, there being no Court of Equity out of Charleston ; and having found its way into the Court, has gone on without any definite notion of the extent of the relief which could be obtained, until it seems to be thought, that it may be made to extend to any. case where a defect of title can be interposed, without regard to the other circumstances attending it.
There is no doubt, but that the abstract question of title may be as well tried, and indeed better in many cases, in a Court of Law than in Equity; and that as complete relief can sometimes *258 be administered there; as where the extent of the defect of title and the deduction to be made are the only questions presented; or where the title alone is to be determined; because, in those cases, equal justicé may be administered to both partiés'. But when the defendant is in possession, the Court of Law cannot compel him to deliver it up. ’Where he has received the rents and profits, he cannot be compelled to account. In all such cases, where mutual justice cannot be done, the Court ought not to interfere, but should leave the parties to that tribunal to which the jurisdiction of such matters more properly belongs.
It is said that a party on whom a defective title has been imposed, ought not to be driven to a Court of Equity for redress. But it will be recollected that a purchaser may always inspect the title before he purchases ; and if he does not, it is his own fault. The rules of law cannot be changed for his convenience. He must seek for relief where ample relief can be obtained, and not where double justice is administered to one party, and all justice denied to the other.
In the case of Carter v. Carter, which has already been decided during this term, the opinon of the Court has been partially expressed on this subject, and that case may be referred to as constituting our opinion in this, as far as the circumstances; apply.
New trial granted.